UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLESS JONES,

        Petitioner,

                                                                 Case No. 11-12044

v.                                                              Honorable Patrick J. Duggan

Warden J.S. WALTON,

        Respondent.
_____/

**OPINION AND ORDER (1) GRANTING PETITIONER'S MOTION FOR SUGGESTION OF MOOTNESS; (2) DENYING AS MOOT PETITIONER'S MOTION TO AMEND THE PETITION; (3) DISMISSING AS MOOT HIS PETITION FOR WRIT OF HABEAS CORPUS; AND (4) DENYING A CERTIFICATE OF APPEALABILITY**

Petitioner Carless Jones ("Petitioner") is an inmate at the Federal Detention Center in Milan, Michigan. On May 10, 2011, Petitioner filed a *pro se* petition for the writ of habeas corpus or the writ of mandamus. In his petition, he alleged that he is being unlawfully detained pursuant to an expired parole detainer warrant. Petitioner subsequently moved to amend his petition, after the United States Parole Commission served him with a re-issued warrant package and parole violation warrant reflecting that his detention was based on a new warrant. Respondent has answered the petition, arguing that Petitioner is not entitled to habeas relief because he has received a copy of the parole violator warrant and was scheduled for a parole revocation hearing the week of July 25, 2011. In response, Petitioner filed *inter alia* a motion for suggestion of mootness.

Article III of the United States Constitution extends judicial power only to actual

cases and controversies. See U.S. CONST. art. III, § 2, cl.1. "To satisfy the Article III case or controversy requirement, a litigant must have suffered some actual injury that can be redressed by a favorable judicial decision." *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70, 104 S. Ct. 373, 375 (1983) (citing *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 38, 96 S. Ct. 1917, 1924 (1976)). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings . . . [I]t is not enough that a dispute was very much alive when [the] suit was filed . . . The parties must continue to have a personal stake in the outcome of the lawsuit." *Lewis v. Cont'l Bank Corp.,* 494 U.S. 472, 477-78, 110 S. Ct. 1249, 1253-54 (1990) (citations and internal quotation marks omitted). Therefore, "if an event occurs while a case is pending . . . that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, [the case] must be dismissed. *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12, 113 S. Ct. 447, 449 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653, 16 S. Ct. 132, 133 (1895). "[A] federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" *Id*.

Petitioner admittedly received documentation informing him of the parole revocation warrant on which he is being held. He also has received a parole revocation hearing. As a result of that hearing, and pursuant to the notice of action Petitioner received from the Parole Commission, Petitioner anticipates being released from prison on December 3, 2011. Petitioner has been afforded the relief requested in his petition for

habeas relief and thus there is no longer a live dispute for this Court to adjudicate.

To the extent Petitioner intends to appeal this Court's decision, he must first obtain a certificate of appealability. 28 U.S.C. Section 2253(c)(1). Section 2253 provides that a certificate of appealability may issue only if a petitioner makes a substantial showing of the denial of a constitutional right. *Id*. § 2253(c)(2). When a district court denies habeas relief on procedural grounds without reaching the petitioner's constitutional claims, a certificate may issue if the petitioner shows that jurists of reason would find it debatable whether (1) the petition states a valid claim of a denial of a constitutional right; *and* (2) the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000). This Court concludes that jurists of reason would not find its procedural ruling debatable.

Accordingly,

**IT IS ORDERED**, that Petitioner's motion for suggestion of mootness is **GRANTED** and his petition for a writ of habeas corpus is **DISMISSED AS MOOT**;

**IT IS FURTHER ORDERED**, that Petitioner's motion to amend his petition is **DENIED AS MOOT**;

**IT IS FURTHER ORDERED**, that Petitioner is **DENIED** a certificate of appealability.

Date: October 4, 2011                              s/PATRICK J. DUGGAN
                                                   UNITED STATES DISTRICT JUDGE

3

Copies to:

Carless Jones, #17205-013
Federal Detention Center
P. O. Box 1000
Milan, Michigan 48160

AUSA Patricia Gaedeke